**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PARGEV CHAMICHYAN, | No. 14-71257 |
| Petitioner, | Agency No. A095-014-196 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2017[**]
Pasadena, California

Before: KLEINFELD, GRABER, and CHRISTEN, Circuit Judges.

Because Chamichyan's application for asylum was filed in 2007, the REAL

ID Act's standards for credibility and burden of proof govern this case. Under the

REAL ID Act, a credibility determination is based on "the totality of the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

circumstances, and all relevant factors," which may include the applicant's demeanor and candor, the plausibility of his account, the consistency between his written and oral statements, the internal consistency of his statements, and any inaccuracies or falsehoods in these statements. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The REAL ID act does not require inconsistencies to "go to the heart of the petitioner's claim," but "when an inconsistency is at the heart of the claim it doubtless is of great weight." *Shrestha v. Holder*, 590 F.3d 1034, 1046–47 (9th Cir. 2010).

"We review factual findings of the IJ and BIA under the substantial evidence standard. That is, we must sustain factual findings if supported by reasonable, substantial, and probative evidence in the record." *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir. 2003) (citation and internal quotation marks omitted). The IJ and BIA denied Chamichyan's applications for asylum and withholding of removal because they found that Chamichyan was not a credible witness. Chamichyan argues that this finding was not supported by substantial evidence. We disagree.

Chamichyan offered his membership card in the Armenian People's Party as documentary evidence to support his application. He asserted that he had personally obtained the card, that the information on it was correct, and that it had

2

been in his continuous possession since he received it in 2005. But a forensic document examiner determined that the card was fraudulent. The IJ further found that Chamichyan's direct testimony contained material inconsistencies and omissions. Inconsistencies between Chamichyan's written application and his testimony include whether government officials beat his wife; whether his home and that of his son were searched; whether government agents interrogated him and his son; and whether someone shot at him. These omissions and inconsistencies directly relate to Chamichyan's claim that he was targeted for his whistleblowing activities, and we cannot say that the findings of the IJ or the BIA were not supported by reasonable evidence. *See Farah v. Ashcroft*, 348 F3d 1153, 1156 (9th Cir. 2003).

Chamichyan introduced two pieces of documentary evidence to corroborate his claim: an ultrasound report from the Armenia Medical Diagnostic Center purporting to show a kidney injury, and a medical statement from the Mikaelyan Institute of Surgery, where Chamichyan asserts he was treated for this injury. But these documents do not establish the cause of his kidney injury and cannot overcome an adverse credibility determination supported by substantial evidence. *See Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir. 2000). Because Chamichyan's testimony was found not to be credible, he has not shown that he was persecuted

3

on account of his political beliefs and, therefore, has not carried his burden to show that he was entitled to asylum or withholding of removal. *See Farah*, 348 F.3d at 1156.

Chamichyan also argues that he is entitled to CAT protection because his involvement in the political opposition makes it "more likely than not" that he would be subject to torture if removed to Armenia. 8 C.F.R. § 208.16(c)(2); *see Kamalthas v. INS*, 251 F.3d 1279, 1282 (9th Cir. 2001). Because this claim rests on the same testimony the IJ found not credible, and because Chamichyan has not presented other credible evidence that it is "more likely than not" that he would be subject to torture if removed to Armenia, Chamichyan's CAT claim must also fail. *See Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009).

**PETITION DENIED.**